[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13084

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUIS C. BENNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:90-cr-00305-CEH-TGW-4

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Luis C. Bennett, proceeding *pro se*, appeals the district court's denial of his motion for reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. He argues that the court should have reduced his base offense level based on Amendment 782 and the 18 U.S.C. § 3553(a) factors.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2). *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). If § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction only for abuse of discretion. *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

A district court may modify a term of imprisonment if the defendant was sentenced based on a range that has subsequently been lowered by the Sentencing Commission. *See* § 3582(c)(2). A district court must first recalculate the defendant's sentence under the amended guideline range and, in doing so, "[a]ll other guideline application decisions made during the original sentencing remain intact." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Any reduction in sentence must be consistent with the Sentencing Commission's policy statements. *See* § 3582(c)(2). A sentence

reduction is inconsistent with U.S.S.G. § 1B1.10 if a retroactively applicable guideline amendment "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)). Proceedings under § 3582(c)(2) have a limited scope and purpose and are not a plenary resentencing proceeding. *See Dillon v. United States*, 560 U.S. 817, 825-29 (2010). *See also Bravo*, 203 F.3d at 781-82 (holding that constitutional claims are "extraneous resentencing issues" that a court cannot address during a § 3582(c)(2) proceeding and that a defendant may raise constitutional challenges to a sentence under 28 U.S.C. § 2255).

A criminal defendant is entitled to the assistance of counsel at all critical stages of the proceeding. *See United States v. Wade*, 388 U.S. 218, 224-27 (1967). There is no statutory or constitutional right to counsel for § 3582(c)(2) motions or proceedings because, though they are a continuation of a criminal case, they are not a challenge to the appropriateness of the original sentence. *See United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009).

The Sentencing Guidelines provide base offense levels for drug offenses based on the type and quantity of drug involved. *See* U.S.S.G. § 2D1.1(c). Amendment 782 to the Sentencing Guidelines altered the base offense levels applicable to certain drug offenses. *See* U.S.S.G. App. C, Amend. 782 (2014). Under the Amendment, if a court attributes 150 to 450 kilograms of cocaine to a defendant, his base offense level is 36. *Id.*

As an initial matter, Mr. Bennett cannot challenge the sentencing court's drug amount finding in his § 3582(c)(2) motion. Additionally, his ineffective assistance of trial counsel claim is outside the scope of § 3582(c)(2) proceedings. And his claim that the appointed counsel in his § 3582(c)(2) proceeding was ineffective lacks merit because he had no statutory or constitutional right to counsel.

The district court did not err in finding that Mr. Bennett was not eligible for a sentence reduction under § 3582(c)(2) based on Amendment 782. The court previously reduced his offense level to 36, which is the same level to which his offense level would be reduced under Amendment 782. Thus, a reduction in his sentence would be inconsistent with the Sentencing Commission's policy statements.

**AFFIRMED.**